IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES JANNUZZIO, *et. al.* <br><br> Plaintiffs <br><br> v. <br><br> PETER C. DANBY, *et. al.* <br><br> Defendants | Civil Action No. 2:22-CV-1189 <br><br> JURY TRIAL DEMANDED |

**NOMINAL DEFENDANT GREENVILLE VENTURES, LLC'S MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT PURSUANT TO Fed. R. Civ. P. 23.1**

Nominal Defendant Greenville Ventures, LLC hereby moves this Honorable Court to dismiss Plaintiffs' Amended Complaint pursuant to Fed. R. Civ. P. 23.1 for want of standing to bring the derivative claims therein. The reasons why this Court should grant Nominal Defendants' Motion are set forth in the accompanying Memorandum of Law, which is incorporated herein as if set forth at length.

                                                       **Rohn Kurland, P.C.**

                                              By: */s/ Amy Kurland*
                                                  Amy Kurland, Esquire
                                                  Attorney I.D. # 37419
                                                  1700 Market St., Suite 1005
                                                  Philadelphia, PA 19103
                                                  Office: (215) 770-0320
                                                  akurland@rohnkurland.com

May 19, 2022

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JAMES JANNUZZIO, *et. al.*<br><br>Plaintiffs<br><br>v.<br><br>PETER C. DANBY, *et. al.*<br><br>Defendants | Civil Action No. 2:22-CV-1189<br><br>JURY TRIAL DEMANDED |

**MEMORANDUM OF LAW IN SUPPORT OF NOMINAL DEFENDANT GREENVILLE VENTURES, LLC'S MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT PURSUANT TO Fed. R. Civ. P. 23.1**

AND NOW, comes Nominal Defendant, Greenville Ventures, LLC ("Greenville" or the "Company"), by and through its undersigned counsel, and files the following Memorandum of Law in Support of its Motion To Dismiss Plaintiffs' Amended Complaint Pursuant to Fed. R. Civ. P. 23.1, and states as follows:

### I. STATEMENT OF THE CASE

Plaintiffs James Jannuzzio ("Jannuzzio") and Trevor Nix ("Nix"), (collectively, "Adverse Members"), resigned their employment with Greenville and launched competing e-commerce enterprises ("Competing E-stores"). Amended Complaint, ¶¶ 162, 164. The purpose and business model of these Competing E stores is, of course, to compete *against* Greenville for online customers of retail jewelry products. See Amended Complaint, ¶¶ 162, 164. Adverse Members are currently being sued *by* Greenville in the Court of Common Pleas of Chester County Pennsylvania, and are the defendants to another action in this Court, docketed at 22-cv-1132, filed by Iron Gate Hardware, LLC, a named defendant to this action.

Despite these obvious hostilities and antagonisms to Greenville, Adverse Members now purport to represent Greenville's interests in this derivative action. Because Adverse Members do not fairly and adequately represent the interests of the Company or its members, they are without

standing to bring this lawsuit in federal court pursuant to Fed. R. Civ. P. 23.1 ("Rule 23.1"). Accordingly, the Amended Complaint must be dismissed.

*Background Facts*

According to the Amended Complaint, Adverse Members are minority members of Greenville; Jannuzzio owns 25% of the company, while Nix owns a modest 5%. Amended Complaint, ¶¶ 13-14. SRILX Partners, LLC ("SRILX") is the majority member of the Company with a 70% ownership share. Amended Complaint, ¶ 15.

As Adverse Members tell it, Greenville's manager, Peter C. Danby, certain entities Mr. Danby controls, and another individual named Lixing Huang (collectively, "Defendants"), have nefariously schemed to plunder Greenville. See Amended Complaint, *passim*. Jannuzzio and Nix also claim that, by extension, their interests as members of the Company have been harmed by Defendants' conduct. Id.

Adverse Members claim to be bringing this action both on Greenville's behalf and on their own behalf, individually. Id. Notably, Adverse Members' Amended Complaint does not separate the alleged harm to the Company from the alleged harm to them individually; in fact, they do not specifically ask this Court to award Greenville any damages separable from their own. To the contrary, they simply ask that "Plaintiffs" be awarded damages and equitable relief. See *Ad Damnum*, ¶¶ 184, 202, 208, 221, 225, 231.

Adverse Members' Amended Complaint concedes that their interests are generally antagonistic to Greenville. Specifically, they concede that they have "started their own e-commerce jewelry retailer" which "compete[s] directly with Greenville." Amended Complaint, ¶ 164. Adverse Members' Amended Complaint's also acknowledges litigation between the Greenville. See Amended Complaint, ¶ 162. In fact, litigation is currently pending in the Court of Common Pleas of Chester County, Pennsylvania at CCP No. 2022-02251-TT which pits Greenville ***against*** Adverse Members. A copy of the filed complaint in that action is attached hereto as Exhibit "A." Similarly, Adverse Members are defendants to an action pending in this

Court at No. 22-cv-1132, in which Iron Gate Hardware, LLC—a named defendant to the instant action—is the Plaintiff. See Complaint at No. 22-cv-1132.

*Procedural History*

Plaintiffs initiated this action by Complaint filed on or about March 29, 2022. See Docket; Complaint. Adverse Members failed to, *inter alia*, comply with the dictates of Rule 23.1, and filed an Amended Complaint on or about May 5, 2022. See Docket; Amended Complaint. While Adverse Members have complied with certain provisions of Rule 23.1, the Amended Complaint does not set forth facts upon which it could be concluded that Adverse Members fairly and adequately represent the interests of Greenville such that they have standing to bring this derivative action on its behalf. In fact, the facts set forth in the Amended Complaint and of public record unequivocally demonstrate that Adverse Members are openly hostile and antagonistic to the Company and SRILX. Accordingly, the Amended Complaint must be dismissed under Rule 23.1 for lack of standing.

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 23.1, "a derivative action may not be maintained if it appears that the plaintiff does not fairly and adequately represent the interests of the shareholders or members similarly situated in enforcing the right of the corporation or association." Fed. R. Civ. P. 23.1. A putative derivative plaintiff will therefore be disqualified where his interests relevant to the subject matter of the suit are antagonistic to the company or corporation whose interests he purports to represent. E.g., Banks v. Whyte, No. CIV. A. 94-CV-0711, 1994 WL 418997, at *4 (E.D. Pa. Aug. 9, 1994).

Named defendants, as well as the nominal corporate defendant on whose behalf the derivative claim is asserted, have standing to raise the defense of failure to comply with the requirements of Rule 23.1. See, e.g., Recchion v. Westinghouse Elec. Corp., 606 F. Supp. 889, 896 (E.D. Pa. 1985) (citing Shlensky v. Dorsey, 574 F.2d 131, 142 (3d Cir.1978)). A court reviewing a motion to dismiss under Rule 23.1 is not limited to consideration of the facts presented

in a complaint; the court may accept affidavits, concessions by the parties at oral argument, or hold hearings to resolve the issue of whether can the moving defendants can show that a would-be derivative plaintiff does not fairly represent the interest of the company or its members. See, e.g., Banks, 1994 WL 418997, at *4; Recchion, 606 F.Supp. at 896.

### III.    ARGUMENT

#### A. ADVERSE MEMBERS LACK STANDING TO BRING THIS DERIVATIVE SUIT ON BEHALF OF GREENVILLE VENTURES, LLC BECAUSE THEY DO NOT FAIRLY AND ADEQUATELY REPRESENT ITS INTERESTS AND ARE OPENLY ANTAGONISTIC & HOSTILE TO GREENVILLE AND ITS MAJORITY MEMBER.

Adverse Members are without standing to maintain this derivative suit on Greenville's behalf because they do not fairly and adequately represent Greenville's interests or the interests of SRILX. In fact, as Adverse Members know and as cannot reasonably be disputed from the facts of record, their interests are openly antagonistic to Greenville and SRILX.

It is well-settled that federal court plaintiffs cannot maintain a derivative suit if it appears that they do not fairly and adequately represent the interests of the other shareholders in enforcing the rights of the corporation or association. See Fed. R. Civ. P. 23.1; Baron v. Strawbridge & Clothier, 646 F. Supp. 690, 695 (E.D. Pa. 1986); Lewis v. Curtis, 671 A.2d 779, 788 (3d. Cir. 1982). Rule 23.1's requirement that a derivative plaintiff fairly represent the interests of the company and its members is premised upon the derivative plaintiff's position "of a fiduciary character". Banks, 1994 WL 418997, at *4 (quoting Cohen v. Beneficial Indust. Loan Corp., 337 U.S. 541, 549 (1949)). See, e.g., In re Wynn Resorts, Ltd. Derivative Litig., 2019 WL 1429526, at *2 (D. Nev. Mar. 29, 2019) ("derivative plaintiffs are seeking to act as the company's fiduciaries and have a duty to act in the company's best interest"); Pacemaker Plastics Co. v. AFM Corp., 139 F. Supp. 2d 851, 855 (N.D. Ohio 2001) ("Courts carefully enforce [Rule 23.1] because the derivative plaintiff acts as a fiduciary … recognizing the fiduciary nature of a derivative action, courts generally reject would-be derivative plaintiffs with interests that are not aligned with their fellow shareholders"); First Am. Bank & Tr. by Levitt v. Frogel, 726 F. Supp. 1292, 1297 (S.D. Fla.

4

1989) ("A plaintiff's involvement in litigation against the corporation flaws his ability to honor his fiduciary obligations as a derivative plaintiff acting on the corporation's behalf").

Courts consider numerous factors in determining whether representation is fair and adequate, including:

> economic antagonisms between representative and class; the remedy sought by plaintiff in the derivative action; indications that the named plaintiff was not the driving force behind the litigation; plaintiff's unfamiliarity with the litigation; other litigation pending between the plaintiff and defendants; the relative magnitude of plaintiff's personal interests as compared to his interest in the derivative action itself; plaintiff's vindictiveness toward the defendants; and, finally, the degree of support plaintiff was receiving from the shareholders he purported to represent.

Baron, 646 F. Supp. at 695 (citing Davis v. Comed, Inc., 619 F.2d 588, 593–94 (6th Cir. 1980), *quoted with approval in* Vanderbilt v. GEO–Energy Ltd., 725 F.2d 204, 207 (3d Cir.1983)). "Perhaps most important element to be considered is whether the plaintiffs' interests are antagonistic to those he is seeking to represent." Baron, 646 F. Supp. at 695 (citing 7A Wright & Miller, Federal Practice and Procedure § 1833, at 393); Banks v. Whyte, No. CIV. A. 94-CV-0711, 1994 WL 418997, at *4 (E.D. Pa. Aug. 9, 1994) (derivative plaintiff will be disqualified where if his interests relevant to the subject matter of the litigation are "adverse to the interests of the corporation"); Recchion on Behalf of Westinghouse Elec. Corp. v. Kirby, 637 F. Supp. 1309, 1314 (W.D. Pa. 1986) (derivative plaintiff will be disqualified where actual, existing, relevant conflicts exist between the derivative plaintiff and those he seeks to represent). Adjudged by these standards, Counts I, II, III, V, VI, & VII of Adverse Members' Amended Complaint must be dismissed.

### 1. Economic Antagonisms

Adverse Members' Amended Complaint concedes the economic antagonisms that alone disqualify them from purporting to represent Greenville's interests. Namely, Jannuzzio and Nix resigned their employment with Greenville and launched Competing E-stores. Amended Complaint, ¶¶ 162, 164. The business model of these Competing E stores is, of course, to compete *against* Greenville for online customers of retail jewelry products. See Amended

5

Complaint, ¶¶ 162, 164. In light of this competition—which Adverse Members have pleaded rather than disputed[1] and which necessarily is designed to reduce Greenville's profits—it is preposterous that they would now purport to tell this Court that they represent Greenville's interests *in a fiduciary capacity* as derivative plaintiffs. See, e.g., Banks, 1994 WL 418997, at *4, *supra*; Wynn Resorts, 2019 WL 1429526, at *2, *supra*; Pacemaker Plastics, 139 F. Supp. 2d at 855, *supra*; Frogel, 726 F. Supp. at 1297, *supra*.

The economic antagonism stemming from Adverse Members' competition against Greenville (and thus, their continued efforts to harm the company) goes directly to the subject matter of the litigation. After all, the derivative action alleges that Defendants have harmed the Company by self-interested conduct. See Amended Complaint, *passim*. It necessarily follows that Adverse Members' interests are adverse to fellow Greenville member, SRILX. See Amended Complaint, ¶ 15 (SRILX holds a 70% member interest in the Company). Accordingly, Adverse Members cannot seriously purport to represent Greenville's interests and the Amended Complaint must be dismissed. See, e.g., Banks, 1994 WL 418997, at *4 (plaintiff was disqualified from serving as derivative plaintiff and derivative action dismissed as a result of the economic antagonism between the putative derivative plaintiff and the corporation); Baron, 646 F. Supp. at 695 (plaintiffs were disqualified from serving as derivative plaintiffs and derivative action dismissed as a result of the economic antagonism between the putative derivative plaintiffs and other shareholders).

---

[1] Adverse Members claim that Greenville's Operating Agreement permits them to compete against the company. See, e.g., Amended Complaint, ¶¶ 42, 164. This may be so. However, the Operating Agreement does not trump the Federal Rules of Civil Procedure. Adverse Members have made their decision to compete against Greenville. See Id. Rule 23.1 now prohibits them from purporting to represent the Company's interests in a fiduciary capacity whilst simultaneously seeking to reduce the Greenville's profits by competing against it. In other words, under Rule 23.1, Adverse Members could compete against Greenville, or they could seek to represent its interests in a fiduciary capacity as derivative plaintiffs, but they could not do both.

### 2. Remedy Sought by Plaintiffs

Though claiming to represent Greenville's interests, Adverse Members' rhetorical masks dramatically slipped when they fashioned their request for relief. In doing so, Adverse Members draw no distinction between Greenville and themselves and, in fact, have not made a single request for relief specifically on behalf of Greenville that would benefit Greenville. See *Ad Damnum*, ¶¶ 184, 202, 208, 221, 225, 231. To the contrary, Adverse Members conflate the alleged harm to the Company with the alleged harm to them individually and broadly demand that "Plaintiffs" (presumably, Jannuzzio, Nix, and Greenville) be awarded lump sum compensatory damages, punitive damages, attorneys' fees and costs, and interest without any suggestion of what damages (if any) would be directed to Greenville. See Id.

One would expect, of course, that a derivative plaintiff articulate how the company was harmed and how the lawsuit would make it whole; after all, any recovery in a derivative action belongs to the company or corporation. Recchion on Behalf of Westinghouse Elec. Corp. v. Kirby, 637 F. Supp. 1309, 1315 (W.D. Pa. 1986) (citing Ross v. Bernhard, 396 U.S. 531, 538, 90 S.Ct. 733, 738, 24 L.Ed.2d 729 (1970)). A member or shareholder receives no benefit from a derivative suit other than whatever indirect benefit flows from the increase in the company's value that results from the recovery. Recchion 637 F. Supp. at n.1 (citing Rothenberg v. Security Management Co., Inc., 667 F.2d 958, n. 3 (11th Cir.1982)). Here, however, Adverse Members do not even pretend that any recovery is Greenville's alone. See Id. Instead, they ask that whatever damages are awarded be paid to them in their individual capacity. See Id.

Even more notable is that Adverse Members are asking this Court to somehow "Order Defendants to buy out the individual Plaintiffs of their ownership interests in Greenville Ventures, LLC." See *Ad Damnum*, ¶¶ 184, 202, 208, 221, 225, 231. Even assuming that the Court could order an individual or an entity that is not a member to a limited liability company to acquire membership interest, this relief would not inure to Greenville's benefit in any way; to the contrary, it is a purely selfish request for relief that would benefit only Jannizzio and Nix individually.

7

Accordingly, the relief sought by Adverse Members shows that they cannot seriously purport to represent the Company's best interests and the Amended Complaint should be dismissed. See Id. See also, e.g., Davis, 619 F.2d at 593–94 (courts should consider the relief a derivative plaintiff seeks to determine whether he fairly and adequately represents the interests of the company and its shareholders or just his own); Banks, 1994 WL 418997, at *4 (same); Baron, 646 F. Supp. at 695 (same).

### 3. Other litigation Between the Parties

Courts considering whether a putative derivative plaintiff can provide fair and adequate representation to the company must also consider other litigation pending between the plaintiff and defendants. See, e.g., Davis, 619 F.2d at 593–94; Banks, 1994 WL 418997, at *4 (same); Baron, 646 F. Supp. at 695 (same). Here, Adverse Members' involvement in other litigation involving Greenville and the other named Defendants to this action requires dismissal of the Amended Complaint.

It is undisputed that Adverse Members are defendants in a suit brought by Greenville in the Court of Common Pleas of Chester County, Pennsylvania, docketed at CCP No. 2022-02251-TT. See Exhibit "A." The allegations made by Greenville in that action are, in summary, that: Adverse Members left their employment at Greenville; looted the Company on the way out; plundered and refused to turn over assets essential to the continued operation of Greenville; held such assets hostage in an effort to maximize a buy-out of their membership interest (a buy-out they now ask the Court to order in the instant action); effectively ground Greenville's business to a halt, and; nearly destroyed the company. See Exhibit "A," *passim*. Being defendants in a case filed by Greenville, it would be preposterous to concurrently permit Adverse Members to represent Greenville's interests in the instant matter at the same time. After all, Adverse Members cannot seriously purport to represent an entity's interest which is suing them. See, e.g., Banks, 1994 WL 418997, at *4 (Banks' interests adverse to company and the action dismissed where Banks was involved in other litigation adverse to the company he purported to represent); Recchion, 637 F.

8

Supp. at 1314 (Recchion's interests adverse to company and the action dismissed where Recchion was involved in other litigation adverse to the company he purported to represent). See also, e.g., Davis, 619 F.2d at 593–94 (courts must consider other litigation between the parties in determining whether a derivative plaintiff represents the company fairly and adequately); Baron, 646 F. Supp. at 695 (same).

Similarly, Iron Gate Hardware, LLC has been named by Adverse Members as a defendant in the instant action. See Amended Complaint, *passim*. Iron Gate Hardware, LLC, is a plaintiff in an action docketed in this Court at 22-cv-1132 which names Adverse Members as defendants. See Docket at 22-cv-1132; Amended Complaint at 22-cv-1132, attached hereto as Exhibit "B." Notably, the subject matter of that litigation is copyright infringement of jewelry designs that Adverse Members and their confederate companies ripped off to "compete" with Greenville. Compare, e.g., Amended Complaint at 22-cv-1132 with Amended Complaint, 162-164 (in which Adverse Members assert their right to compete). For these reasons, too, Adverse Members cannot be derivative plaintiffs in this action and the Amended Complaint must be dismissed.

### B. WITH THE SINGLE FEDERAL CLAIMS ELIMINATED, THIS HONORABLE COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER THE REMAINING STATE LAW CLAIMS.

With Counts I, II, III, V, VI, & VII of Adverse Members' Amended Complaint dismissed, Plaintiffs' only remaining claims under the arise out of state law. A court "may decline to exercise supplemental jurisdiction [over state law claims] if ... the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The decision of whether to exercise supplemental jurisdiction where a court has dismissed all federal claims is left to the court's discretion as "pendent jurisdiction is a doctrine of discretion, not of plaintiff's right." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966). "When all federal claims are eliminated before trial, "the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction

over the remaining state-law claims." Hall-Wadley v. Maintenance Department, 386 F.Supp.3d 512, 519 (E.D. Pa. 2019) (citing Carnegie–Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988)). Thus, where the federal claims in a case are dismissed at the motion to dismiss stage, it is appropriate for a court to decline to exercise supplemental jurisdiction. Hall-Wadley v. Maintenance Department, 386 F.Supp.3d at 519-520 (declining to exercise supplemental jurisdiction over remaining state law claim after dismissing federal claim on motion to dismiss, noting the court had "no particular familiarity" with the case).

Here, this case has not progressed in federal court past the motion to dismiss stage. Thus, the pleadings remain open and no discovery has been completed. As such, the Court has developed no particular familiarity with the facts and issues presented in this case. The "balance of factors" "point toward declining to exercise jurisdiction" and the Court should therefore decline to exercise supplemental jurisdiction over the remaining state law claims and dismiss those claims. See Hall-Wadley, 386 F.Supp.3d at 519-520.

## IV. CONCLUSION

For the aforementioned reasons, Nominal Defendant Greenville Ventures, LLC, respectfully requests that the Court dismiss the Plaintiffs' Amended Complaint pursuant to Fed. R. Civ. Pro. 23.1.

**Rohn Kurland, P.C.**

By: /s/ Amy Kurland
Amy Kurland, Esquire
Attorney I.D. # 37419
1700 Market St., Suite 1005
Philadelphia, PA 19103
Office: (215) 770-0320
akurland@rohnkurland.com

**CERTIFICATION OF COUNSEL**

The undersigned hereby certifies that the Nominal Defendant, through its counsel, conferred with Plaintiffs' counsel to determine whether the identified pleading deficiencies properly may be cured by amendment and the parties were unable to resolve this issue during that conference.

                                **Rohn Kurland, P.C.**

                          By: */s/ Amy Kurland*
                               Amy Kurland, Esquire
                               Attorney I.D. # 37419
                               1700 Market St., Suite 1005
                               Philadelphia, PA 19103
                               Office: (215) 770-0320
                               akurland@rohnkurland.com

May 19, 2022